UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD LOUIS ESPOSITO,

        Plaintiff,

    v.                         Case No. 19-C-1821

RACINE COUNTY JAIL,

        Defendant.

## SCREENING ORDER

Plaintiff Edward Louis Esposito, who is currently incarcerated at the Racine County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2). Because Plaintiff lacks the funds to pay an initial partial filing fee, the court waives the initial partial filing fee and will grant Plaintiff's motion for leave to proceed without prepayment of the full filing fee.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that, on July 6, 2019, he was taken to the hospital by ambulance to be treated for stab wounds and other injuries. Hospital staff stitched up two stab wounds in his left thigh and took pictures of those injuries. Plaintiff was then taken to the Racine County Jail. After the intake process on July 8, 2019, Plaintiff showered and found two more stab wounds. He found

a laceration across his nose and a stab wound in his right palm. Plaintiff sent a request for a deputy to take pictures of his wounds and to file charges.

Plaintiff claims he sent eleven requests to have pictures taken of his injuries to the correctional officer on duty and to the captain but did not receive a response. He asserts that the wounds have healed, and he does not have pictures for his criminal case. Plaintiff claims his equal protection rights under the Fourteenth Amendment have been violated.

### THE COURT'S ANALYSIS

Plaintiff names the Racine County Jail as the sole defendant. Plaintiff may not proceed against the Jail in this case because it is a non-suable entity under § 1983. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Even if Plaintiff had properly named defendants in this action, he has failed to state a claim upon which relief can be granted. Although Plaintiff may have desired to have pictures taken of his injuries, Plaintiff does not have a constitutional right to have pictures taken of any injuries. *See, e.g.*, *Wood v. Rubenstein*, No. 5:12CV174, 2013 WL 5504143 (N.D.W.V. Oct. 1, 2013) ("There is no constitutional right to have pictures taken of an injury."); *Dennison v. O'Fallon*, No. CV 06-I05M-DWM-JCL, 2007 WL 1593069, at *2 (D. Mont. Apr. 11, 2007) (holding plaintiff had no constitutional right to compel prison officials to take pictures that plaintiff may use in court because the lack of such evidence does not prevent him from bringing a case); *Boykin v. Curry*, No. 5:08-CV-224, 2009 WL 152524, at *2 (M.D. Ga. Jan. 20, 2009). Plaintiff has failed to allege any violation of a constitutionally protected right. Accordingly, his complaint must be dismissed for failure to state a claim upon which relief can be granted.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir.

1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 9th day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.